IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| P & F BROTHER INDUSTRIAL CORPORATION, § § § § *Plaintiff*, § § v. § § THE HOME DEPOT, INC., and § HOME DEPOT U.S.A., INC., § § § *Defendants*. § | | CIVIL ACTION NO. 2:23-CV-00312-JRG (LEAD CASE) |
| v. § § LOWE'S HOME CENTERS, LLC, § § *Defendant*. § | | CIVIL ACTION NO. 2:23-CV-00313-JRG (MEMBER CASE) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Opposed Motion for Leave to Depose a Single Witness Outside of the Discovery Period (the "Motion") filed by Defendants The Home Depot, Inc., Home Depot U.S.A., Inc., and Lowe's Home Centers LLC (together, the "Defendants"). (Dkt. No. 94.) Having considered the Motion, the briefing, and for the reasons set forth herein, the Court is of the opinion that the Motion should be and hereby is **DENIED**.

I.   BACKGROUND

Plaintiff P & F Brother Industrial Corporation's ("Plaintiff" or "P & F") patent infringement suits concern a subcomponent of table-saws referred to as a riving knife clamp assembly (herein, the "Accused Devices"). (Dkt. No. 94 at 2.) Defendants in these actions represent that they are being defended by their supplier of the Accused Devices, Delta Power Equipment Corporation ("Delta"), a U.S. company wholly owned by a Taiwanese company identified as Chang Type

Industrial Co., Ltd. ("Chang Type") (*Id.* at 1.) Defendants further represent that after learning of Plaintiff's accusations of infringement, Chang Type redesigned the Accused Devices. (*Id.* at 2.)

On September 5, 2024, Defendants secured a 31-page declaration from Mr. Weber Chang, a citizen and resident of Taiwan and an employee of Chang Type, detailing the costs incurred in redesigning the Accused Devices. (*Id.*; Dkt. No. 97 at 2; Dkt. No. 97-2.) Plaintiff served a deposition notice for Mr. Weber Chang and subpoena for documents related to his declaration on Defendants' counsel on Friday, September 13, 2024. (Dkt. No. 97 at 3.) On Thursday, September 26, 2024, counsel for Defendants responded that they were "not authorized to accept service of the subpoenas for Mr. Chang." (Dkt. No. 97 at 3; Dkt. No. 97-4.)

Subsequently, the parties met and conferred several times in November. (Dkt. No. 97 at 4.) Thereafter, on November 22, 2024, Plaintiff emailed Defendants to confirm, among other things, that "Defendants will not seek to enter the Weber Chang declaration into evidence. It is [Plaintiff's] position that reliance on that declaration in any form by an expert is improper and we reserve the right to raise this issue with the Court at a later time." (Dkt. No. 97-5 at 2.) Defendants confirmed their agreement that same day. (*Id.*)

On December 3, 2024, Delta's corporate representative was deposed. (Dkt. No. 97 at 4; Dkt. No. 97-6.) During that deposition, Delta's corporate representative testified regarding his knowledge of the declaration and Delta's record keeping practices. (Dkt. No. 97 at 3-4; Dkt. No. 97-6 at 59:23-61:5, 63:14-66:6, 71:4-75:1.) The deposition indicated that Defendants could not authenticate the underlying documents. (*See* Dkt. No. 97 at 4-5.) That same day, Defendants' attorneys were advised by Delta's General Counsel that Mr. Weber Chang's voluntary deposition could be arranged. (Dkt. No. 94 at 3.) Mindful of the December 6, 2024 discovery deadline, counsel for Defendants noticed the virtual deposition on December 4, 2024, and gave Plaintiff the

2

choice of 7:00 p.m. on either December 5, 2024, or December 6, 2024. (*Id.* at 4.) Plaintiff objected to and refused the deposition. (*Id.*) After meeting and conferring, Defendants filed this Motion. (*Id.* at 1.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) allows a case schedule to be modified for "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To meet the Rule 16(b) good-cause standard, the movant must show that the deadline could not have reasonably been met despite the diligence of the party needing the extension. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003); *Smart Path Connections, LLC v. Nokia Corp.*, No. 2:22-CV-00296-JRG-RSP, 2024 WL 1075456, at *1 (E.D. Tex. Mar. 12, 2024). In determining whether good cause has been shown, the Court considers four factors: (1) the explanation for the failure to meet the deadline; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *See Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).)

## III. DISCUSSION

The Court now considers each of the above-listed factors in exercising its discretion as to whether to grant Defendants leave to depose Mr. Weber Chang.

### A. Factor 1 – Diligence and Explanation for Failure to Meet the Deadline

Defendants claim that they have "diligently and repeatedly" urged Delta to do "everything it could" to arrange for the voluntary deposition of Mr. Weber Chang because compelling his deposition would be difficult and time consuming. (Dkt. No. 94 at 2.) Moreover, Defendants represent that they "are and have been concerned that, if they initiate attempts to serve a subpoena

3

on Weber Chang for an involuntary deposition, the flow of information between Delta and Chang Type . . . might cease completely." (*Id.*)

Plaintiff responds that there is no reasonable explanation for Defendants and Delta's prior failure to make Mr. Weber Chang available in the three months prior to the discovery deadline, particularly given that Delta and Defendants have been able to obtain evidence, such as Mr. Weber Chang's declaration, from Chang Type since early September. (Dkt. No. 97 at 6.) Plaintiff also notes that Defendants have both refused to accept service of a subpoena during the discovery period and to depose Mr. Weber Chang during that time. (*Id.*)

The Court concludes that Defendants were not diligent in seeking a deposition of Mr. Weber Chang. The Court further concludes that Defendants have not provided an adequate explanation for their failure to depose Mr. Weber Chang during the discovery period, which the Court previously extended by three weeks. (*See* Dkt. No. 89 at 3.)

### B. Factor 2 - Importance

Defendants represent that Mr. Weber Chang's anticipated testimony would have a significant impact on the damages issues because it would authenticate evidence showing that the redesign of the accused component costs less than one-eighth of what Plaintiff's damages expert suggests. (Dkt. No. 94.). Plaintiff does not address this factor in its Response. (*See* Dkt. No. 97.) Therefore, the Court find that this factor weighs in favor of granting leave.

### C. Factor 3 - Prejudice

Defendants argue that the single deposition of Mr. Weber Chang will not prejudice Plaintiff because his deposition is intended merely to confirm the facts in his declaration, the declaration will act as a script for the deposition, and Plaintiff has had Mr. Weber Chang's declaration since early September. (Dkt. No. 94 at 6.)

Plaintiff argues it would be severely prejudiced if the Court grants the Motion because Defendants have already agreed that they "will not seek to enter the Weber Chang declaration into evidence." (Dkt. No. 97-5 at 2.) By deposing Mr. Weber Chang, Plaintiff argues that Defendants are "trying to completely unwind that arrangement by obtaining deposition evidence from Mr. Weber Chang." (Dkt. No. 97 at 7.) Moreover, Plaintiff contends that the prejudice is exacerbated since Defendants spent three months denying it the opportunity to obtain fulsome discovery from Chang Type and test the hearsay statements and conclusions in the declaration. (Dkt. No. 97 at 7.)

The Court finds that granting leave for Defendants to conduct a deposition of Mr. Weber Chang at this late stage would prejudice Plaintiff. As an initial matter, Defendants have shown that they have had access to Mr. Weber Chang for at least three months while simultaneously refusing to accept service of a deposition notice or subpoena on his behalf during that time. Defendants should not benefit from their access to Mr. Weber Chang—the very witness that Plaintiff sought to depose and obtain documents from—after Defendants refused Plaintiff any opportunity to test the 31-page declaration and its three dozen attachments. Moreover, the prejudice is increased because Plaintiff has already resolved an earlier related dispute when it entered into an agreement that Defendants would not introduce Mr. Weber Chang's declaration into evidence. Accordingly, the Court finds that this factor weighs against granting the Motion.

### D. Factor 4 - Availability of a Continuance

Though Defendants do not expressly address this factor, Defendants contend that granting leave will not impact the schedules of these cases. (Dkt. No. 94 at 6.) Plaintiff argues that granting leave would generate more discovery disputes given that Defendants are attempting to prove up a hearsay-reliant design around position for its damages case. (Dkt. No. 97 at 8.) Plaintiff also argues that a continuance cannot cure the prejudice it will incur because it has already served opening expert reports and, at the time of responding to this Motion, was in the process of preparing rebuttal

5

reports. (Dkt. No. 97 at 7.) Additionally, Plaintiff argues that Defendants have not explained why a continuance would be warranted at this late stage. (*Id.*) Accordingly, the Court finds that this factor weighs against granting the Motion.

## IV.   CONCLUSION

For the reasons set forth above, the Court finds that Defendants' Motion (Dkt. No. 94) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 24th day of February, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE